**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

| | | |
|---|---|---|
| RONDA SCOTT, | : | |
| | : | |
| **Plaintiff,** | : | **CASE NO:** |
| v. | : | **7:25-cv-150–WLS** |
| | : | |
| STATE FARM FIRE AND CASUALTY | : | |
| COMPANY, | : | |
| | : | |
| **Defendant.** | : | |
| _____ | : | |

## ORDER

Before the Court is Defendant's Motion to Dismiss (Doc. 6). After review, the Court denies the Motion to Dismiss. Although Defendant State Farm Fire and Casualty Company points to supposed deficiencies in Plaintiff's allegations of breach and bad faith, these deficiencies, to the extent they exist, do not run afoul of *Iqbal* or *Twombly*. Defendant's argument that prejudgment interest is a cost of litigation allowed exclusively under O.C.G.A. § 33-4-6 is incorrect. For the reasons discussed below, the Motion to Dismiss is **DENIED**.

## I.    PROCEDURAL BACKGROUND

Plaintiff commenced the above-captioned action on September 17, 2025, by filing a Complaint (Doc. 1-2 at 1–12) ("Complaint") in the Superior Court of Clinch County, Georgia. The Complaint asserts claims for breach of contract and bad faith damages pursuant to O.C.G.A. §§ 33-4-6 and 33-6-34. For relief, Plaintiff seeks (1) the full amount of damages sustained by Plaintiff as a result of the Loss; (2) bad faith damages; (3) attorney fees and costs; (4) pre- and post-judgment interest; and (5) such other damages and relief deemed just. (*Id.* ¶ 42).

On November 4, 2025, Defendant filed its Special Appearance Answer and Defenses (Doc. 1-2 at 119–129) in the state court proceeding, and on November 5, 2025, Defendant filed its Notice of Removal, pursuant to 28 U.S.C. § 1332, invoking this Court's diversity jurisdiction (Doc. 1). After removal, on November 12, 2025, Defendant filed an Amended Answer and Defenses of Defendant (Doc. 5), and the instant Motion to Dismiss. Plaintiff has

1

not filed a Response and the deadline to do so has lapsed. Thus, the Motion to Dismiss is fully briefed and ripe for resolution.

## II.   STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits a party to assert by motion the defense of failure to state a claim upon which relief can be granted.[1] A motion to dismiss a plaintiff's complaint under Rule 12(b)(6) should not be granted unless the plaintiff fails to plead enough facts to state a claim for relief that is plausible, and not merely conceivable, on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Dismissal for failure to state a claim is proper if the factual allegations are not 'enough to raise a right to relief above the speculative level.'" *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010) (quoting *Rivell v. Priv. Health Care Sys., Inc.*, 520 F.3d 1308, 1309 (11th Cir. 2008) (per curiam)). "Stated differently, the factual allegations in the complaint must 'possess enough heft' to set forth 'a plausible entitlement to relief.'" *Edwards*, 602 F.3d at 1291 (quoting *Fin. Sec. Assurance, Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1282 (11th Cir. 2007) (per curiam)).

The Court must conduct its analysis "accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff." *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003) (per curiam). "In evaluating the sufficiency of a plaintiff's pleadings, [the Court] make[s] reasonable inferences in plaintiff's favor, but [the Court is] not required to draw plaintiff's inference." *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009) (internal quotation marks and citation omitted), *abrogated on other grounds by Mohamad v. Palestinian Auth.*, 566 U.S. 449 (2012). The Supreme Court instructs that while on a motion to dismiss "a court must accept as true all of the allegations contained in a complaint," this principle "is inapplicable to legal conclusions," which "must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (citing *Twombly*, 550 U.S. at 555)).

---

[1] As a threshold issue, the Court notes that Federal Rule of Civil Procedure 12(h) provides that "[f]ailure to state a claim upon which relief can be granted, . . . or to state a legal defense to a claim may be raised: (A) in any pleading allowed or ordered under Rule 7(a); (B) by a motion under Rule 12(c); or (C) at trial." Fed. R. Civ. P. 12(h)(2). An answer to a complaint is included in the pleadings allowed under Rule 7(a). As Plaintiff has failed to respond to the Motion to Dismiss, the Court declines to consider whether Defendant waived the filing of a Rule 12(b)(6) motion by filing its Answer prior to filing the instant Motion to Dismiss, or whether such motion should be construed as a Rule 12(c) motion for judgment on the pleadings—which, in any event, would result in applying the same standard as in a Rule 12(b)(6) motion.

### III.   MOTION TO DISMISS

#### A. Plaintiff's Failure to Respond

As an initial matter, while Plaintiff—who is represented by counsel—failed to respond to the Motion to Dismiss, a district court may not "grant [defendant]'s motion to dismiss solely on the plaintiffs' failure to respond in opposition." *Giummo v. Olsen*, 701 F. App'x 911, 924–25 (11th Cir. 2017); *see Woodham v. Am. Cystoscope Co of Pelham*, 335 F.2d 551, 556 (5th Cir. 1964)[2] (holding that dismissal without consideration of the merits of a motion to dismiss under local rule requiring response within ten days of the filing of a motion was unwarranted); *see also Fields v. Checkr Grp. Inc.*, No. 1:24-CV-2122, 2025 WL 2270151, at *1 (N.D. Ga. May 29, 2025), *report and recommendation adopted*, 2025 WL 2270148 (N.D. Ga. June 20, 2025) ("[T]he Court does not rubber-stamp a requested dismissal and instead determines independently whether there is a sound legal basis for dismissal or the entry of summary judgment."). "When a motion to dismiss is granted as unopposed, the actual grounds for dismissal are the grounds chiefly asserted in said motion to dismiss. Accordingly, Plaintiff['s] decision not to proffer argument or authority in response to the Motion[ ] is at [her] peril." *Wells v. State Farm Fire & Cas. Co.*, No. 7:24-CV-117, 2025 WL 2484022, at *2 (M.D. Ga. Aug. 28, 2025) (internal citations and quotation marks omitted). Although the Court must consider Defendant's Motion to Dismiss on the merits, the Court does not, and may not, serve in the role of Plaintiff's counsel.

#### B. The Allegations

With this standard in mind, the Court briefly recounts the allegations in the Complaint. As alleged, Plaintiff owns the property and improvements thereon located at 85 West Forest Avenue, Homerville, Georgia, in Clinch County, Georgia (the "Property"). (Compl. ¶ 1). The Property was insured by Defendant under Policy No. 91-GM-Y982-4 ("Policy")[3] which provides insurance coverage to the Property against sudden and accidental direct physical loss. (*Id.* ¶¶ 5–6). The Policy was in effect on September 26, 2024, when the Property sustained a covered loss as a result of Hurricane Helene ("Loss"). (*Id* ¶ 7). Plaintiff alleges the Loss is

---

[2] Decisions of the former Fifth Circuit handed down prior to October 1, 1981, are binding precedent in the Eleventh Circuit. *Bonner v. City of Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981).

[3] A copy of the Policy is attached to the Complaint as Exhibit A.

covered by the Policy which was reported to Defendant promptly after it occurred. (*Id.* ¶ 8–9). Defendant assigned Claim No. 11-75B9-03R to Plaintiff's Loss and inspected the Property. (*Id.* ¶ 9, 11). Plaintiff contends that she has fully cooperated with Defendant and its representatives to make the Property available for inspection, and she has performed all applicable conditions precedent as required under the Policy. (*Id.* ¶¶ 10, 17).

Plaintiff alleges that Defendant has acknowledged coverage of the Loss is due. However, she further alleges that Defendant breached the Policy by failing to fully indemnify her for damages stemming from the Loss, that it is clear the Property sustained covered damages in excess of those acknowledged by Defendant, and that even though Plaintiff requested Defendant re-evaluate her claim, Defendant refused to do so. (*Id.* ¶¶ 13–16). Plaintiff contends Defendant has not acted fairly and honestly toward her in assessing her Loss. (*Id.* ¶ 16).

Plaintiff contends she is entitled to replacement cost of the actual physical damage to the Property caused by the Loss, that she has exhausted all reasonable means possible to resolve this dispute with Defendant, but was constrained to hire legal counsel, incurring additional expenses, and filing of her lawsuit, to resolve this matter. (*Id.* ¶ 18). Plaintiff claims damages in an amount to be determined at trial. (*Id.* ¶ 19).

### C. Analysis

Defendant moves under Federal Rule of Civil Procedure 12(b)(6) to dismiss the Complaint in its entirety. As to Count I—breach of contract, Defendant contends that Plaintiff failed to allege a breach of contract with sufficient specificity to satisfy federal pleading standards and that Plaintiff failed to specify the amount of damages she incurred. As to Count II—Defendant contends O.C.G.A. § 33-6-34 does not create a private cause of action to support Plaintiff's claim for bad faith, and that Plaintiff failed to state a claim for prejudgment interest because O.C.G.A. § 33-4-6 provides the exclusive procedure for an insured to recover "extra-contractual damages" against her insurer. (Doc. 6-1 at 13).

1. *Plaintiff pled sufficient facts to plausibly state a claim for breach of contract under Twombly and Iqbal.*

To state a claim for breach of contract, Plaintiff must plausibly allege that Defendant owed her a contractual obligation and that it breached that obligation, causing Plaintiff damages. *See Tims v. LGE Cmty. Credit Union*, 935 F.3d 1228, 1237 (11th Cir. 2019) (citing *Norton v. Budget Rent A Car Sys., Inc.*, 705 S.E.2d 305, 306 (Ga. Ct. App. 2010)); In *Est. of Bass v. Regions Bank, Inc.*, 947 F.3d 1352, 1358 (11th Cir. 2020), the Eleventh Circuit explained that a plaintiff failed to plead plausibly a Georgia breach of contract claim under the Federal Rules of Civil Procedure where he did "not allege[ ] *any* general or specific provision of *any* contract that [defendant] might have breached." (Emphasis added). Defendant asserts that Plaintiff's claim fails at the breach element because Plaintiff makes only conclusory allegations (Doc. 6-1 at 9–10), and Plaintiff makes no allegations as to the exact provisions of the Policy which (1) entitle her to recovery and (2) Defendant breached (*Id.*). Defendant also asserts that Plaintiff failed to specify the amount of the Loss. (*Id.* at 10–11).

As to Defendant's assertion that Plaintiff's allegations are conclusory, Defendant quotes only two paragraphs in Plaintiff's Complaint as examples of conclusory allegations. Paragraph 15 in which Plaintiff alleges that Defendant "has failed to fully indemnify the [Plaintiff] for the Loss," and paragraph 31 alleging that Defendant "has frivolously and baselessly failed to acknowledge that additional payment would be forthcoming, and it has failed to adequately provide coverage under the terms of the Policy." (Doc. 6-1 at 9). Defendant completely ignores the allegations contained in paragraphs 5–14 and 16–19 which are summarized above and which (1) allege the Policy was issued by Defendant to insure Plaintiff's Property against sudden and accidental direct physical loss, (2) identifies the Policy by Policy Number, and (3) alleges the Policy was in effect on the date of the Loss. The Complaint goes on to specifically set out the date and cause of the Loss; *i.e.*, that on September 26, 2024, the Property sustained a covered loss as a result of Hurricane Helene. In addition, Specifically with respect to the breach of contract claim, Plaintiff alleges that under the Policy, she is entitled to replacement cost of the actual physical damage to the Property caused by the Loss, and that Defendant has not fully indemnified Plaintiff for the Loss. She further alleges that Defendant has refused to re-evaluate the Loss without giving a basis for

5

such refusal. Plaintiff alleges she has incurred additional expenses protecting the Property by making temporary repairs to the Property in mitigation of damages. Finally, Plaintiff alleges Defendant materially breached the Policy by failing to tender an appropriate amount to repair the Property, and by failing to fully indemnify Plaintiff for damages stemming from the Loss and that she continues to suffer losses and incur expenses. (Compl. ¶¶ 20–28).

In other words, Plaintiff alleged the Policy provisions Defendant breached; *i.e.*, the provisions which provided coverage for sudden and accidental direct physical loss and the provision regarding Plaintiff's entitlement to replacement costs. *See Boyd v. State Farm Fire & Casualty Co.*, No. 7:24-cv-116, 2025 WL 1073710, at *4 (M.D. Ga. Apr. 9, 2025) (denying motion to dismiss breach of contract claim regarding similar insurance policy provisions on basis that plaintiff did not plead the provision breached with sufficient particularity under federal pleading standards). Thus, the Court finds Plaintiff pled sufficient facts to identify the allegedly breached provisions of the Policy and sufficient facts to plausibly state a claim for breach of contract under *Twombly* and *Iqbal*.

Next, Defendant argues that Plaintiff failed to state a claim for breach of contract because she did not specify the dollar amount of her damages. Plaintiff seeks an amount to be determined at trial and itemizes the different categories of compensation requested. (*See* Compl. ¶ 42). Defendant cites one unreported, nonbinding case, *Bauer v. State Farm Life Ins. Co.*, No. 1:21-CV-00464, 2022 WL 912687 (N.D. Ga. Mar. 28, 2022), as support for this argument. In any event, *Bauer* is distinguishable from this case alleging a breach of contract claim involving hurricane damage. *See Boyd*, 2025 WL 1073710 (distinguishing *Bauer* on basis that elements for a breach of contract and conversion of money claims are not analogous); *Wells v. State Farm Fire & Cas. Co.*, No. 7:24-CV-117, 2025 WL 2484022, at *3 (M.D. Ga. Aug. 28, 2025) (same).

In *Bauer*, the district court granted a motion to dismiss plaintiff's conversion claim against defendant because plaintiff failed to allege an identifiable sum of money that defendant allegedly converted from her account. *Bauer*, 2022 WL 912687. The district court explained that plaintiff's failure to identify the amount of money lost was detrimental to her claim because "money can [only] be the subject of a conversion claim as long as the allegedly converted money is specific and identifiable." *Id.* at 2. Here, as in *Boyd* and *Wells*, Plaintiff

asserts a breach of contract claim—not a conversion claim. (Compl. at 5). The elements for a breach of contract claim and conversion of money claim are not analogous. Defendant did not cite any other support for its position that the Plaintiff is required to state a dollar amount of her alleged damages to satisfy *Iqbal* and *Twombly* pleading requirements to state a claim for breach of contract.

In sum, the Court finds that Plaintiff pled sufficient facts to plausibly state a claim for breach of contract. Accordingly, the Court finds that dismissal of Count I is not warranted on the grounds that Plaintiff failed to state a claim, and Defendant's Motion to Dismiss Count I is thus **DENIED**.

> 2. *Plaintiff pled sufficient facts under O.C.G.A. § 33-4-6 to plausibly state a claim for bad faith penalty and attorney's fees*.

In Count II Plaintiff alleges bad faith claims under O.C.G.A. § 33-6-34 and § 33-4-6. Plaintiff alleges that Defendant "has not attempted in good faith to settle the [Plaintiff's] claim when, under all the circumstances, it could and should have done so had it acted fairly and honestly toward the Plaintiff and with due regard for their interests." (Compl. ¶ 32).

Plaintiff lists several actions taken by Defendant which fall under O.C.G.A. § 33-6-34, the Unfair Claims Settlement Practices Act, O.C.G.A. §§ 33-6-30, *et seq.* (*Id.* ¶ 32(1)–(8)). O.C.G.A. § 33-6-37, however, provides that "[n]othing contained in this article shall be construed to create or imply a private cause of action for a violation of [the Unfair Claims Settlement Practices Act]." Defendant argues that "[P]laintiff's reliance on O.C.G.A. § 33-6-34 to support a claim for bad faith under O.C.G.A. § 33-4-6 attempts to create a bad faith claim where in fact none exists." (Doc. 6-1 at 11).

While O.C.G.A. § 33-6-34 does not give rise to a private cause of action, Plaintiff's bad faith claim specifically states that it is brought pursuant to O.C.G.A. § 33-4-6, not O.C.G.A. § 33-6-34. (Compl. ¶¶ 33–40). O.C.G.A. § 33-4-6 provides:

> In the event of a loss which is covered by a policy of insurance and the refusal of the insurer to pay the same within 60 days after a demand has been made by the holder of the policy and a finding has been made that such refusal was in bad faith, the insurer shall be liable to pay such holder, in addition to the loss, not more than 50 percent of the liability of the insurer for the loss or $5,000.00, whichever is greater, and all reasonable attorney's fees for the prosecution of the action against the insurer.

O.C.G.A. § 33-4-6. To state a claim for an insurer's bad faith under O.C.G.A. § 33-4-6, Plaintiff must allege facts which establish: "(1) that the claim is covered under the policy, (2) that a demand for payment was made against the insurer within 60 days prior to filing suit, and (3) that the insurer's failure to pay was motivated by bad faith." *Barron v. State Farm Fire & Cas. Co.*, No. 7:25-CV-4, 2025 WL 2045728, at *3 (M.D. Ga. July 21, 2025) (quoting *BayRock Mortg. Corp. v. Chi. Title Ins. Co.*, 648 S.E.2d 433, 435 (Ga. Ct. App. 2007) (citing O.C.G.A. § 33-4-6))); *see also Lavoi Corp. v. Nat'l Fire Ins. of Hartford*, 666 S.E.2d 387, 392 (Ga. Ct. App. 2008) (same). "Since the statute imposes a penalty, its requirements are strictly construed." *BayRock Mortg. Corp.*, 648 S.E.2d at 435 (citation omitted). To recover damages, there must be "a loss which is covered by a policy of insurance[.]" O.C.G.A. § 33-4-6. "[A] plaintiff cannot recover for an insurer's bad faith refusal to pay a claim where no coverage exists[.]" *State Farm Fire & Cas. Co. v. Diner Concepts, Inc.*, 370 F. App'x 56, 58 (11th Cir. 2010) (per curiam). As discussed above,[4] Plaintiff has pled sufficient facts to plausibly state a claim for breach of contract under *Twombly* and *Iqbal*, and Defendant has not stated which element(s) of § 33-4-6 it contends Plaintiff failed to plead sufficient facts to support her claim of bad faith against Defendant. The Court cannot and will not make Defendant's arguments or speculate as to the specific grounds upon which they rest. The movant must identify the grounds upon which he relies.

Based on the foregoing, the Court finds that dismissal of Plaintiff's bad faith claim under O.C.G.A. § 33-4-6 is not warranted on the grounds that Plaintiff failed to state a claim as represented by Defendant, and accordingly, Defendant's Motion to Dismiss Count II is **DENIED**.

### 3. *Prejudgment Interest*

Plaintiff requests compensatory damages, attorney's fees, pre- and post-judgment interest, and such other relief as the Court deems proper in her breach of contract claim (Compl. ¶ 29) and in her general Prayer for Relief (*Id.* ¶ 42.b, d, f). Defendant contends that O.C.G.A. § 33-4-6 is the exclusive provision under which an insured can recover "extra-contractual damages" against his/her insurer, and thus an insured cannot seek recovery of pre-judgment interest under O.C.G.A. § 13-6-13. (Doc. 6-1 at 12–13). The phrase "extra-

---

[4] *See supra* Part III.C.1.

contractual damages" is an undefined term coined by Defendant which appears nowhere in § 33-4-6. Neither does the term "prejudgment interest" appear in § 33-4-6. Defendant's argument fails for two reasons.

First, Plaintiff has not specified the statute under which she seeks prejudgment interest, and the Defendant does not suggest that the failure to do so is a basis for denial of such relief.

Second, even if Plaintiff had cited § 13-6-13 as the relevant statute, this Court finds Defendant's argument that prejudgment interest is not available under such section is incorrect. O.C.G.A. § 13-6-13 specifically provides: "In *all* cases where an amount ascertained would be the damages at the time of the breach, it may be increased by the addition of legal interest from that time until the recovery." (Emphasis added). Further, none of the cases cited by Defendant dealt with an award of prejudgment interest under § 13-6-13 against an insurer. And none of those cases held that § 33-4-6 is the exclusive provision under which an insured can recover prejudgment interest against his/her insurer. Defendant's coining of the term *extra-contractual* in its Motion to Dismiss, in an apparent attempt to sweep the award of prejudgment interest into § 33-4-6, is misleading and misrepresents the statutes and case law. Rather each case cited by Defendant held that the insured could not recover *attorney fees* under § 13-6-11 which is the general statute allowing an award of attorney fees and costs of litigation. Defendant states that "[b]ecause O.C.G.A. § 33-4-6 constitutes an insured's exclusive remedy for recovery of extra-contractual damages against his/her insurer, an insured may not seek recovery of pre-judgment interest under . . . O.C.G.A. § 13-6-13." (Doc. 6-1 at 13). It then cites one new case as direct, not analogous, support—*Adams v. Unum Life Ins. Co. of Am.*, 508 F. Supp. 2d 1302, 1319 (N.D. Ga. 2007). Neither the phrase "prejudgment interest" nor reference to O.C.G.A. § 13-6-13 appear in *Adams*. Instead, *Adams* discusses only attorney fees in the context of §§ 13-6-11 and 33-4-6. Once again, where none of the cases cited by Defendant discuss prejudgment interest nor § 13-6-13, the Court finds Defendant's arguments as iterated in its Motion to Dismiss unpersuasive. Prejudgment interest is not a cost of litigation. Defendant's undefined, coined phrase "extra-contractual damages," appears nowhere in § 33-4-6. Neither do the terms "prejudgment interest" or "interest" appear in such statute. Thus, the Court declines to adopt Defendant's argument and finds that pursuant to the plain language of the statute, an insured may seek prejudgment interest under § 13-6-13.

9

This, of course, does not mean that Plaintiff, at the appropriate stage of the proceedings, is relieved of the requirement to establish the legal basis and facts to support the relief requested.

Based on the foregoing, the Court finds that dismissal of Plaintiff's prayer for relief in the form of prejudgment interest is not warranted on the grounds that Plaintiff failed to state a claim as represented by Defendant at this stage of the proceedings. Accordingly, Defendant's Motion to Dismiss Plaintiff's request for prejudgment interest relief is **DENIED**.

### D. Conclusion: Motion to Dismiss

Upon a full review of the pleadings, Defendant's brief, and the Record in this matter, and for the reasons stated above, Defendant's Motion to Dismiss (Doc. 6) is **DENIED**.

**SO ORDERED**, this 11th day of May 2026.

/s/W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**